PAUL, HASTINGS, JANOFSKY & WALKER LLP
E. JEFFREY GRUBE (SB# 167324)
KATHERINE L. KETTLER (SB# 215417)
LACIE TREGLOWN (SB# 243369)
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105-3441
Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100
jeffgrube@paulhastings.com
katherinekettler@paulhastings.com
lacietreglown@paulhastings.com

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND AVILES,<br><br>            Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC. and DOES 1 through 10, inclusive,<br><br>            Defendants. | CASE NO. C 06 4988<br><br>(Superior Court Of California for the County of Santa Clara Case No. 106-CV-066989)<br><br>**DEFENDANT UNITED PARCEL SERVICE, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |

LEGAL_US_W # 54185045.1

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1  TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF RAYMOND AVILES AND TO HIS
3  ATTORNEY OF RECORD, WILLIAM L. MARDER, ESQ. AND THE POLARIS LAW
4  GROUP LLP:

6  PLEASE TAKE NOTICE THAT Defendant UNITED PARCEL SERVICE, INC.
7  ("Defendant") hereby removes this action from the Superior Court of the State California for the
8  County of Santa Clara to the United States District Court for the Northern District of California.
9  This removal is based on diversity of citizenship, pursuant to 28 U.S.C. Sections 1332 and
10 1441(a) and (b). The facts that entitle Petitioner/Defendant to so remove this action are as
11 follows:

13  1.  On or about July 11, 2006, plaintiff Raymond Aviles ("Plaintiff") filed a
14 Complaint in the Superior Court of the State of California for the County of Santa Clara entitled:
15 "*Raymond Aviles, Plaintiff v. United Parcel Service, Inc., and Does 1 through 10, inclusive,*
16 *Defendants*," designated as Case No. 106-CV-066989. True copies of the Complaint, the
17 summons issued with the Complaint and all papers received thus far in the Action are attached to
18 this notice as Exhibit A to the Declaration of Katherine L. Kettler ("Kettler Declaration"),
19 attached hereto, and incorporated by reference without necessarily admitting any of its material
20 allegations.

21  2.  The Complaint alleges the following two purported causes of action against
22 Petitioner/Defendant: (1) violation of California Gov. Code Section 12940 *et seq.* – failure to
23 accommodate physical disability; and (2) violation of California Gov. Code Section 12940 *et seq.*
24 – disability discrimination.

25  3.  On July 21, 2006, Plaintiff, through his counsel, caused a copy of the
26 Summons and Complaint to be served on Defendant. *See* ¶ 2 of Kettler Declaration. The
27 Complaint is the initial pleading setting forth the claim for relief upon which this action is based
28 and may be removed. No other initial pleadings were served on Defendant prior to July 21, 2006.

1  Further, UPS is the only named defendant and the only defendant that has been served in this
2  Action.
3     4.  Accordingly, this Notice of Removal is being filed within thirty (30) days
4  after receipt by Petitioner/Defendant of the initial pleading and is timely filed pursuant to 28
5  U.S.C. Section 1446(b).
6     5.  Defendant timely answered the Complaint in the Superior Court on August
7  16, 2006. Defendant's Answer is attached as Exhibit B to Kettler Declaration.
8     6.  Notice of this removal is being given to both the adverse party and the state
9  court pursuant to 28 U.S.C. Section 1446(d). *See* ¶ 4 of Kettler Declaration and Exhibits "C" and
10 "D" attached thereto. Exhibits "A"-"D" constitute all process, pleadings and orders served on or
11 by Petitioner/Defendant in this action. *See* Kettler Declaration, ¶ 4.
12    7.  The Complaint, and each alleged cause of action contained therein, may be
13 properly removed on the basis of diversity of citizenship jurisdiction, in that it is a civil action
14 between citizens of different states and the matter in controversy exceeds the sum of $75,000,
15 exclusive of interest and costs. 28 U.S.C. § 1332.
16    (a)  Defendant is informed and believes, and on that basis alleges, that
17 Plaintiff is now, and was at the time this action was commenced, a citizen of the State of
18 California within the meaning of 28 U.S.C. Section 1332(a), because his place of residence and
19 domicile is and was within the State of California. *See* Kettler Declaration, Exhibit A (Complaint
20 ¶ 20 referencing DFEH charge, which alleges that Plaintiff is currently and at all times mentioned
21 herein, a resident of Santa Clara County in the state of California.)
22    (b)  Defendant is now, and was at the time this action was commenced,
23 a citizen of the States of Ohio and Georgia within the meaning of 28 U.S.C. Section 1332(c)(1),
24 because it is now and was at all material times incorporated under the laws of the State of Ohio,
25 and maintains, and at all material times maintained, its principal place of business in the State of
26 Georgia. *See* ¶ 5 of Kettler Declaration.
27
28

LEGAL_US_W # 54185045.1        -3-

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

(c)     The presence of Doe defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants sued under a fictitious name shall be disregarded.").

(d)     Plaintiff's Complaint seeks back pay, front pay, an unspecified amount of general, special and punitive damages, and costs and attorneys' fees in connection with the causes of action set forth in his Complaint. *See* Complaint ¶ 21 (No. 1-7). Plaintiff also claims he has "suffered humiliation, mental anguish, and emotional and physical distress." *See* Complaint ¶¶ 13, 18. Plaintiff's failure to specify in his Complaint the amount of damages he seeks, however, does not deprive this Court of jurisdiction. *See White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove a suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim."). Based on those allegations, and Plaintiff's refusal to stipulate that the amount in controversy is less than $75,000, the amount in controversy is within the court's removal jurisdiction. *See* ¶ 6 of Kettler Declaration and Exhibit F (Plaintiff declined to stipulate that the amount in controversy is less than $75,000). In determining whether a complaint meets the $75,000 threshold of 28 U.S.C. Section 1332(a), a court may consider the aggregate value of claims for compensatory and punitive damages, as well as attorneys' fees. *See, e.g., Bell v. Preferred Life Ass. Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount.") (footnote omitted); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir.) *cert. denied*, 459 U.S. 945 (1982) (attorneys' fees may be taken into account to determine jurisdictional amount).

8.     Because Plaintiff and Defendant are citizens of different states, and because the Court may disregard the citizenship of Doe defendants, there is complete diversity between the parties. Further, because there is complete diversity and because the amount in controversy threshold is met, the requirements for removal under 28 U.S.C. Sections 1332(a) and 1441(a) are satisfied.

WHEREFORE, Defendant removes the above-entitled action now pending in the Superior Court of the State of California for the County of Santa Clara to this Court.

DATED: August 17, 2006        PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
          KATHERINE L. KETTLER

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

LEGAL_US_W # 54185045.1                    -5-

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT